J. Irwift Shapiro, J.
Motion by the defendant Theodore Bhodes “ for resentence”.
Defendant and two others were indicted for the crime of kidnapping, two counts of rape in the first degree, and two counts as assault in the second degree with intent to commit the crime of rape. The trial was begun on May 27, 1963 and continued on into May 28. On that day, and during the trial, the defendant withdrew his plea of not guilty and entered a plea of guilty to assault in the second degree with intent to commit the crime of rape.
Pursuant to the requirements of section 2189-a of the Penal Law, defendant was committed to Kings County Hospital for observation, and after the receipt of the report from that institution he was, on August 5, 1963, sentenced to a term of from one day to life, pursuant to the provisions of section 243 of the Penal Law. The defendant is presently serving said sentence.
The motion for resentence is predicated upon an affidavit of his trial counsel in which he says that ‘ ‘ A careful review of the defendant’s psychiatric report does not indicate in any way that the defendant was psychologically a sex deviant ” and he then concludes “ that the purpose of the punishment prescribed in Section 243 of the Penal Law of an indefinite sentence of one day to life, was intended for the purpose of enabling sex deviants to receive psychiatric treatment and to be returned to society when the Parole Board determined that the defendant was sufficiently cured of the psychological sex illness so as not to *109 constitute a threat or hazard to society along those lines ’ ’ and that “ In view of the failure of this report to indicate any such sex disturbances, it appears that the sentence imposed was not in conformity with the intent and purpose of the punishment prescribed in Section 243 of the Penal Law, providing for an indeterminate sentence of one day to life.”
The defendant having commenced serving his sentence, it may not now be reconsidered unless it was illegally or irregularly imposed. There was no such infirmity in the sentence in this case. Assuming, solely for the sake of discussion, that the movant’s conclusion is correct, that the psychiatric report 1 ‘ does not indicate in any way that the defendant was psychologically a sex deviant ” this court would not be bound by the conclusion of the psychiatrist but could base his determination as to sentence upon his own findings with regard to the defendant’s sexual outlook. In addition, I hold as a matter of law, that section 243 of the Penal Law lodges complete discretion in the sentencing court to impose a sentence of one day to life upon the conviction of assault with intent to commit the felony of rape in the first degree regardless of the results of a psychiatric examination of a defendant. The statute does not limit the imposition of such an indeterminate sentence only to those who are found upon psychiatric examination to be sex deviants. So far as the statute is concerned, the only postulate which need be present to warrant such a sentence is a conviction of the crime described in section 243 of the Penal Law. There is, therefore, no merit to the defendant’s motion and it is denied as a matter of law.
To make the record in this case complete, however, and in fairness and justice to this defendant, it should be indicated that after the imposition of this sentence and after the defendant had commenced his service thereof, the court had a conference with defendant’s counsel and a supervising member of the Probation Department. During the conference the supervising officer of the Probation Department agreed with the defendant’s counsel that the sentence in this case was too harsh and there were submitted to me additional details surrounding the circumstances of the prior rape arrests of the defendant. In light of the presentation thus made, I am of the opinion that if the matter were before me de novo, I would impose the alternative maximum sentence of not less than 2% nor more than 5 years in State prison. Therefore, 1 respectfully recommend to the Parole Board that the sentence in this case be so considered unless the conduct of the defendant while in custody reveals that it would not be in either his or the public interest so to do.