■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THEODORE RHODES, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered August 5, 1963 on his plea of guilty, convicting him of assault in the second degree, with intent to commit rape, and sentencing him to serve an indeterminate term of one day to life [see 40 Misc 2d 108]. Judgment affirmed. The psychiatric report did not state that the defendant was phychologically a sex deviant or that he was a menace to society. It was recommended that the psychiatric facilities of the prison should be made available to the defendant should he be sent to prison. After the court had obtained a current and pertinent report of a psychiatric examination, it was discretionary with the court as to whether it should impose a sentence of one day to life or such other punishment as was authorized by statute (Penal Law, §§ 243, 2189-a, 2189; *People ex rel. Lawson* v. *Denno*, 9 N Y 2d 181; Public Papers of Governor Thomas E. Dewey, 1950, p. 159 *et seq*.). After the defendant commenced to serve the sentence, he made a motion to be returned for resentence. While the motion was denied as a matter of law, the sentencing Judge said that, in the light of the additional information and details presented to him, he would impose a sentence of 2½ to 5 years were the matter before him *de novo*. He recommended that the Parole

Board consider the sentence as one of 2½ to 5 years unless the conduct of the defendant, while in custody, revealed that it would not be either in his or the public interest to do so (*People* v. *Rhodes,* 40 Misc 2d 108). In our opinion, the information furnished to the sentencing Judge after the defendant began to serve his prison term — information which is not in the record before us — does not require a determination that this information should operate retrospectively, nor require a declaration that the sentencing court exercised its discretion improvidently at the time it imposed sentence. Beldock, P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur.